UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DR. NINA M. MORGAN, <br><br> Plaintiff, <br><br> v. <br><br> DENNIS BROWN, CYNTHIA BROWN, EARL WILLIAMS, KENDALL PERRY, IMAN JONES, and HON. JULIA GOMRIC, <br><br> Defendants. | Case No. 24-cv-2538-JPG |

## MEMORANDUM AND ORDER

In light of Seventh Circuit Court of Appeals admonitions, *see Page v. Dem. Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021) (citing *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900)); *Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. *See Page*, 2 F.4th at 634 (federal courts "must make their own inquiry to ensure that all statutory requirements are met before exercising jurisdiction"); *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (noting courts' "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it"). The Court has noted the following defects in the jurisdictional allegations of the Complaint (Doc. 3) filed by plaintiff Dr. Nina M. Morgan:

1. **Failure to allege a federal question under 28 U.S.C. § 1331.** The Complaint does not allege any cause of action arising under the Constitution, laws or treaties of the United States. To the extent Dr. Morgan relies on federal question jurisdiction, the complaint does not state a federal question.

2. **Failure to allege the citizenship of an individual.** A complaint asserting diversity jurisdiction must allege the citizenship of an individual party, not merely residence. 28 U.S.C. § 1332(a)(1); *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998). Allegations of "residence" are jurisdictionally insufficient. *Steigleder v. McQuesten*, 198 U.S. 141 (1905). Dismissal is appropriate where a plaintiff fails to allege citizenship. *Held*, 137 F.3d at 1000. The

        Complaint does not allege the citizenship of any party. Furthermore, if Dr. Morgan relies on diversity jurisdiction, she has failed to file a disclosure statement with the party's first filing as required by Federal Rule of Civil Procedure 7.1(a)(2) and (b)(1).

3. **Failure to allege the requisite amount in controversy.** Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. "The plaintiff must allege that the controversy entails a dispute over more than $75,000, exclusive of interests and costs." *Page v. Dem. Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021). Dr. Morgan has not plausibly alleged an amount in controversy that exceeds the federal minimum for diversity jurisdiction.

4. **Request to review state court ruling.** Federal District Courts do not have jurisdiction to review and overturn state court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005) (citing *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983)); *Gilbank v. Wood Cnty. Dep't of Hum. Servs.*, No. 22-1037, slip op. at 68-70 (7th Cir. Aug. 1, 2024) (*en banc*). Dr. Morgan appears to be asking this Court to overturn one or more state court judgments. The *Rooker-Feldman* doctrine appears to prevent this Court from exercising subject matter jurisdiction over that claim.

        The Court hereby **ORDERS** Dr. Morgan to **SHOW CAUSE** on or before **December 30, 2024,** why this case should not be dismissed without prejudice for lack of subject matter jurisdiction for any or all of the foregoing reasons. Failure to respond to this order may result in dismissal of this case for lack of subject matter jurisdiction or for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Amendment of the faulty pleading to reflect an adequate basis for federal subject matter jurisdiction will satisfy this order. Dr. Morgan need not seek leave of Court to file such amended pleading. The Court suggests Dr. Morgan consult Section II.A of the *Pro Se Litigation Guide*, available at https://www.ilsd.uscourts.gov/representing-yourself-pro-se-litigant, regarding pleading.

**IT IS SO ORDERED.**
**DATED: December 2, 2024**

                                      s/ J. Phil Gilbert
                                      **J. PHIL GILBERT**
                                      **DISTRICT JUDGE**